**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

**LEON PRATER,**

       **Petitioner-Defendant,**

                                      **Civil Action No. 5:12-cv-76**

**v.**                               **Criminal Action No. 5:10-cr-41**

                                        **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

       **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.    INTRODUCTION

On June 4, 2012, Petitioner-Defendant Leon Prater ("Petitioner"), proceeding *pro se*, filed

a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody ("Petition" or "Motion").  (Civil Action No. 5:12-cv-76, ECF No. 1; Criminal Action No.

5:10-cr-41, ECF No. 75 ("Mot.").)  On June 5, 2012, the undersigned Magistrate Judge entered an

Order directing Respondent, the United States of America ("Respondent" or "Government") to

answer Petitioner's motion.  (Civil Action No. 5:12-cv-76, ECF No. 4; Criminal Action No. 5:10-cr-

41, ECF No. 78 ("Resp.").)  The next day, the Government filed a motion for an extension of time

to respond to Petitioner's motion. (Criminal Action No. 5:10-cr-41, ECF No. 79.)  That same day,

the undersigned granted the Government's motion and directed that its response be filed by August

3, 2012.  (Criminal Action No. 5:10-cr-41, ECF No. 80.)  The Government responded on August

2, 2010.  (Criminal Action No. 5:10-cr-41, ECF No. 86.)  The undersigned now issues this Report

and Recommendation on Petitioner's motion without holding an evidentiary hearing.  For the

reasons stated below, the undersigned recommends that the District Judge deny Petitioner's motion

to vacate.

## II.  FACTS

### A.  *Conviction and Sentence*

On December 7, 2010, Petitioner was charged by the Grand Jury with possession with intent to distribute cocaine base, cocaine, and Ecstacy, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), in a one-count Indictment.  (Criminal Action No. 5:10-cr-41, ECF No. 1.)  On February 1, 2011, the Grand Jury issued a one-count Superseding Indictment against Petitioner charging him with possession with the intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  (Criminal Action No. 5:10-cr-41, ECF No. 17.)

On March 21, 2011, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One of the Superseding Indictment, possession with the intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  (Criminal Action No. 5:10-cr-41, ECF No. 26.)  Petitioner signed a binding plea agreement in which he and the Government agreed that a period of 109 months incarceration was the appropriate disposition for the case.  (*Id.* at 1.)  Additionally, Petitioner waived his right to appeal and collaterally attack his sentence if he was sentenced to 109 months.  (*Id.* at 3.)  Specifically, Petitioner's plea agreement contained the following language concerning his waiver:

> Mr. Prater is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal.  Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, and in recognition that this is a binding plea agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction and sentence, if he is sentenced to 109 months on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742.  **The defendant also waives his right to challenge his conviction and sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).**  The United States waives its right to appeal.

In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

(*Id.* at 3. (emphasis added).)

Seven days later, Petitioner entered his plea in open court before the Honorable Frederick P. Stamp, Jr., United States District Judge.  At the time of his plea, Petitioner was 32 years old and had earned his GED.  (Plea Hrg. Tr., Criminal Action No. 5:10-cr-41, ECF No. 84 at 5:19-22.) When asked, Petitioner affirmed that he understood and agreed with all the terms of the plea agreement.  (*Id.* at 9:20-22.)  The Court asked Petitioner if he understood that he was giving up his right to appeal a sentence of 109 months and his right to file a writ of habeas corpus attacking the validity of his plea and a sentence of 109 months, and Petitioner replied that he did.  (*Id.* at 10:9-19.) Furthermore, Petitioner affirmed that he understood that his waiver was subject to certain exceptions, such as ineffective assistance of counsel.  (*Id.* at 10-14-19.)  When asked, Petitioner's counsel stated that he believed Petitioner understood the importance of this waiver.  (*Id.* at 10:20-24.)  Petitioner further affirmed that he had reviewed the plea agreement with his attorney before signing it.  (*Id.* at 9:23-10:2.)  The Court reviewed all the rights Petitioner was giving up by entering a plea of guilty.  (*See id.* at 15:7-17:23.)  During the hearing, the Government presented the testimony of Robert Manchas, Special Agent with the Drug Enforcement Administration, to establish a factual basis for the plea.  (*Id.* at 18:17-21:7.)  Petitioner did not contest Agent Dean's testimony.  (*Id.* at 21:8-16.)

After the Government presented Agent Dean's testimony, Petitioner advised the Court that he was guilty of Count One of the Superseding Indictment.  (*Id.* at 21:20-22:1.)  He further stated under oath that no one had attempted to force him to plead guilty and that he was pleading guilty of his own free will.  (R. at 22:2-5.)  Additionally, Petitioner testified that his plea was not the result

of any promises other than those in the plea agreement. (*Id.* at 22:6-9.) When asked, Petitioner acknowledged that his counsel had adequately represented him and that his counsel had not left anything undone or did anything improperly during his representation. (*Id.* at 22:19-23:1.) Finally, Petitioner advised that he was in fact guilty of the crime to which he was pleading guilty. (*Id.* at 23:11-14.)

At the conclusion, Judge Stamp determined that Petitioner's plea was made freely and voluntarily, that Petitioner was aware of the consequences of his plea, that the elements of the crime charged in Count One were established beyond a reasonable doubt, and that there was a basis in fact for Petitioner's plea. (*Id.* at 23:15-20.) Petitioner did not object to the Court's finding.

On April 7, 2009, Petitioner appeared before Judge Stamp for sentencing. Judge Stamp sentenced Petitioner to a term of 109 months incarceration and a three-year term of supervised release. (Judgment in a Criminal Case, Criminal Action No. 5:10-cr-41, ECF No. 40.)

## B.    *Appeal*

Petitioner did not pursue a direct appeal.

## C.    *Federal Habeas Corpus*

### 1.    **Petitioner's Motion**

As his grounds for relief, Petitioner asserts the following:

- Trial counsel rendered ineffective assistance of counsel, resulting in Petitioner's guilty plea not being entered into knowingly, intelligently, and voluntarily; and

- Petitioner was denied due process because there was not a sufficient factual basis for his plea.

(Mot. at 5-6a.)[1]  As relief, Petitioner asks the Court to vacate his guilty plea and appoint new counsel for further proceedings.  (*Id.* at 14.)

### 2.    Government's Response

In its Response, the Government asserts that Petitioner has wrongly stated that his counsel was ineffective because his intent to distribute controlled substances could be inferred from the quantity of drugs alone.  (Resp. at 6.)  Furthermore, the Government states that at his change of plea hearing, Petitioner was placed under oath and did not offer any testimony that his answers were untruthful or coerced by his counsel.  (*Id.*)  Additionally, the Government alleges that Petitioner is barred from raising this claim on collateral attack because he failed to file a direct appeal challenging the voluntariness of his plea.  (*Id.* at 7-8.)  With regards to Petitioner's second ground for relief, the Government argues that the Court provided an explanation of the elements to Petitioner during the change of plea hearing and that the sworn testimony of Special Agent Manchas satisfied each of the elements.  (*Id.* at 8-9.)  Finally, the Government asserts that Petitioner has waived his right to collaterally attack his sentence because he waived this right by entering into a plea agreement.  (*Id.* at 9-11.)

### 3.    Petitioner's Reply

The Petitioner filed a Reply on August 24, 2012, reiterating his original arguments, namely that his waiver was not knowingly, voluntarily, and intelligently entered, that his counsel was ineffective due to a conflict of interest, and that he "did not waive his right to bring ineffective assistance of counsel claims in a postconviction proceeding". (Repl. At 1-4.)  As relief, he asks that

---

[1] Petitioner has inserted pages into his Motion to provide support for his two grounds for relief.  Accordingly, the undersigned will utilize the page numbering used by Petitioner when referring to his Motion.

the court conduct an evidentiary hearing and grant any relief to which he may be entitled.  (*Id*. at 4.)

**D.    *Recommendation***

Based upon a review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate his claim of ineffective assistance of counsel and because his claim alleging a due process violation has been procedurally defaulted and validly waived by Petitioner's waiver of collateral attack rights and has no merit.

## III.   ANALYSIS

**A.    *Law Governing Waivers of Direct Appeal and Collateral Attack Rights***

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system.   Properly administered, they can benefit all concerned." *Blackledge v. Allison*, 431 U.S. 63, 71 (1877).  However, the advantages of plea agreements are only secure when "dispositions by guilty plea are accorded a great measure of finality."  *Id.*  The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement."  *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

The Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted).  However, a defendant still retains the right to appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or

when a sentence is imposed based on a constitutionally impermissible factor. *Id.* at 732. Furthermore, the *Attar* court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel." *Id.*

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. *Lemaster*, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *Id.* at 220. The *Lemaster* Court did not address whether the same exceptions that were noted by the *Attar* court apply to a waiver of collateral attack rights, but it did note that it saw "no reason to distinguish" between the two. *Id.* at 220 n.2; *see also United States v. Cannady*, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet defined the scope of collateral attack waivers and so has not yet "defined the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." *Braxton v. United States*, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005). However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. *Cannady*, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims of ineffective assistance of counsel "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." *Braxton*, 358 F. Supp. 2d at 503.

**B.** *Law Governing the Determination of Whether a Waiver is Knowing and Intelligent*

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by reference to the totality of the circumstances." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

**C.** *Petitioner's Claim of Ineffective Assistance of Counsel Surrounding His Plea*

**1.** **Standard Governing Claims of Ineffective Assistance of Counsel**

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the

wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002).

Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate

counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th

Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*,

466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were

so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed.

*See id.* at 691. In the context of a guilty plea, a petitioner must demonstrate that there is a reasonable

probability that but for his attorney's alleged mistakes, he would not have pled guilty and instead

would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Fourth

Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing

court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

### 2. Petitioner Has Not Committed Procedural Default

As an initial matter, the undersigned will address the Government's argument that Petitioner

has committed procedural default by failing to raise the voluntariness of his plea on direct appeal.

(Resp. at 7.) Typically, 28 U.S.C. § 2555 "will not be allowed to do service for an appeal." *Sunal*

*v. Large*, 332 U.S. 174, 178 (1947). However, "[w]here a defendant has procedurally defaulted a

claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant

can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'"

*Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Petitioner did not

raise his ineffective assistance of counsel claims on direct appeal; in fact, Petitioner did not even file

a direct appeal. Normally, Petitioner's claims would be barred absent a showing of cause and prejudice. However, claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Therefore, the undersigned finds that Petitioner has not committed procedural default.

### 3. Petitioner's Claim Does Not Fall Within the Scope of His Waiver

In his motion, Petitioner asserts that he received ineffective assistance of counsel resulting in his guilty plea not being intelligently, voluntarily, and knowingly entered. (Mot. at 5.) Specifically, Petitioner alleges he was "duped into pleading guilty to a crime he did not commit" because counsel failed to advise him correctly concerning the elements of his offense. (*Id.*) As mentioned before, most courts of appeals have determined that waivers of collateral attack rights encompass claims of ineffective assistance of counsel "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." *Braxton*, 358 F. Supp. 2d at 503. Here, Petitioner's claim calls into question the validity of his plea and relates directly to his plea agreement and waiver. Indeed, at the Rule 11 colloquy, Judge Stamp informed Defendant that his waiver of appellate and collateral attack rights was "subject to certain exceptions, such as ineffective assistance of counsel." (Plea Hrg. Tr. at 10:13-15.) Therefore, the undersigned finds that Petitioner's claim falls outside the scope of his waiver of appellate and collateral attack rights.

### 4. Petitioner's Claim Has No Merit

To support his claim of ineffective assistance of counsel that lead him to plead guilty,

Petitioner raises three arguments. First, he asserts that the quantities of drugs found on his person at the time of his arrest were personal use quantities. (Mot. at 5a.) Petitioner states that he informed his attorney of this fact and denied having an intent to deliver the drugs. (*Id.*) Second, Petitioner asserts that counsel was ineffective for failing to explain the elements of his offense and for failing to challenge the fact that the Indictment did not allege any overt acts establishing intent to deliver. (*Id.*) Third, Petitioner claims that his attorney had a conflict of interest due to his prior representation of the CI who made the controlled purchases of drugs that formed the basis of Petitioner's prosecution in state court. (*Id.* at 5a-5b.) The undersigned will consider each of these arguments in turn.

### a. Petitioner's Statements Regarding Personal Use Quantities

First, Petitioner asserts that the 16.5 grams of cocaine base and 2.4 grams of cocaine found on him at the time of his arrest were personal use quantities. (Mot. at 5a.) Petitioner alleges that he told his attorney about this and denied having any intent to deliver the substances. (*Id.*) However, this argument is simply without merit.

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

At the Rule 11 colloquy, Petitioner testified that he understood and agreed with all of the

terms of the plea agreement and that he had gone over the plea agreement with his attorney before signing it.  (Plea Hrg. Tr. at 9:20-10:2.)  He also stated that he had reviewed and gone over the Superseding Indictment charging him with possession with intent to distribute cocaine base and cocaine with his attorney.  (*Id.* at 11:6-10.)  "[I]ntent to distribute can be inferred from a number of factors, including but not limited to: (1) the quantity of the drugs; (2) the packaging; (3) where the drugs are hidden; and (4) the amount of cash seized with the drugs."  *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005).  Special Agent Manchas testified that the drugs seized from Petitioner at the time of his arrest were packaged in a way to indicate intent to distribute.  (Plea Hrg. Tr. at 20:24-21:5.)  He further testified that during the body search of Petitioner, the two plastic bags containing drugs were found in Petitioner's rectum.  (*Id.* at 20:17-19.)  Petitioner's counsel did not have any cross-examination of Special Agent Manchas, and neither Petitioner nor his counsel had any additions or corrections to Special Agent Manchas' testimony.  (*Id.* at 21:8-16.)  This testimony established Petitioner's intent to distribute and contradicts his allegation that the drugs were only for personal use.

Because Petitioner pled guilty, his statements at the Rule 11 colloquy  "carry a strong presumption of verity."  *Blackledge*, 431 U.S. at 74.  The allegation in his Motion that the drugs found on his person were personal use quantities directly contradict his sworn testimony at the Rule 11 colloquy and therefore the undersigned finds that they are "'palpably incredible' and 'patently frivolous or false.'"  *Lemaster*, 403 F.3d at 221(citations omitted).  Furthermore, Petitioner has not demonstrated extraordinary circumstances as to why his statements at the Rule 11 colloquy contradict his allegations in his § 2255 Motion.  *Id.*  Therefore, the undersigned finds that Petitioner's claim of ineffective assistance of counsel regarding his argument of personal use

quantities is without merit.

### b. Elements of the Offense and Overt Acts

Second, Petitioner argues that his counsel neither properly advised him regarding the elements of his offense nor filed a motion to dismiss because the Indictment did not allege any overt acts establishing Petitioner's intent to deliver. (Mot. at 5a.) The undersigned finds that Petitioner's allegations are without merit.

First, Petitioner's statement that his counsel failed to properly advised him regarding the elements of his offense is contradicted by multiple statements made by Petitioner and his counsel at the Rule 11 colloquy. Petitioner testified that he had reviewed the plea agreement with his counsel and that his counsel had satisfactorily answered all his questions regarding the agreement. (Plea Hrg. Tr. at 9:23-10:2.) Furthermore, Petitioner affirmed that he had gone over the Superseding Indictment with his attorney. (*Id.* at 11:6-10.) Petitioner's counsel represented to the Court that he had met with Petitioner eight times before the Rule 11 colloquy occurred and spoke on the telephone several times during the course of Petitioner's case. (*Id.* at 18:8-12.) When asked, Petitioner asserted that his attorney had adequately and effectively represented him and had not left anything undone that Petitioner thought should have been done. (*Id.* at 22:19-23:1.) Finally, Petitioner's counsel stated that while he and Petitioner had found a defense, that defense would likely not be successful in light of the Government's proffered evidence. (*Id.* at 23:2-8.) Tellingly, after all these answers, Petitioner stated that he was in fact guilty of the crime charged in Count One of the Superseding Indictment. (*Id.* at 23:11-14.)

Because Petitioner pled guilty, his statements at the Rule 11 colloquy "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. The allegation in his Motion that his attorney

never advised him of the elements of his offense directly contradict his sworn testimony that his attorney had adequately and effectively represented him; therefore the undersigned finds that they are "'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221(citations omitted).  Furthermore, Petitioner has not demonstrated extraordinary circumstances as to why his statements at the Rule 11 colloquy contradict his allegations in his § 2255 Motion.  *Id.*  Because of this, the undersigned finds that Petitioner's allegation regarding counsel's advice on the elements is without merit.

Second, Petitioner claims that counsel was ineffective for failing to file a motion to dismiss because the Superseding Indictment did not allege any overt acts establishing Petitioner's intent to deliver controlled substances.  (Mot. at 5a.)  In the Fourth Circuit, a defendant's intent to distribute controlled substances can be inferred from large quantities of illegal substances.  *See United States v. Roberts*, 881 F.2d 95, 99 (4th Cir. 1989).  Packaging and where the drugs are hidden are two more factors indicating intent to distribute.  *See Collins*, 412 F.3d at 519.  Furthermore, Petitioner is incorrect that the Superseding Indictment needed to allege overt acts of distribution to establish his intent.  Count One of the Superseding Indictment charged Petitioner with the substantive offense of possession with the intent to distribute and, standing by itself, describes an overt act.  *Cf. United States v. Felix*, 503 U.S. 378, 380-81 (1992) (holding that "prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause"); *United States v. Bayer*, 331 U.S. 532, 542 (1947) (holding that "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses").

If Petitioner's counsel had filed a motion challenging the Indictment for failure to allege overt

acts of distribution to show his intent, such a motion would have been futile. "Counsel is not required to waste the court's time pursuing frivolous legal motions." *Wheeler v. United States*, Nos. 3:10-cv-13, 3:07-cr-70-3, 2011 WL 2491376, at *15 (N.D. W. Va. Apr. 25, 2011) (citing *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978)). Therefore, the undersigned finds that Petitioner's claim that counsel was ineffective for failing to file a motion to dismiss is without merit.

### c.     Alleged Conflict of Interest

Finally, Petitioner's argument that his counsel was laboring under a conflict of interest that may have caused him to make "tactical decisions that were not consistent with Petitioner's best interests, influencing him to plead guilty," is simply erroneous. (Mot. at 5b.)

The Sixth Amendment right to counsel includes the "right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981) (citations omitted). However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzales-Lopez*, 548 U.S. 140, 151 (2006). Withdraw of counsel and appointment of new counsel is not required simply because the defendant and counsel do not get along. *See, e.g., Morris v. Slappy*, 461 U.S. 1, 14 (the Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney). If a defendant alleges that his Sixth Amendment right was violated because of a conflict of interest, he "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). If an actual conflict is demonstrated, the defendant need not prove prejudice. *Id.* at 349-50.

At the Rule 11 colloquy, Petitioner's counsel represented that he did not represent any person or party involved with Petitioner's case in any way that may give rise to a potential conflict of

interest under Rule 44(c) of the Federal Rules of Criminal Procedure. (Plea Hrg. Tr. at 5:22-6:1.) Furthermore, in his plea agreement, Petitioner and the Government stipulated and agreed that Petitioner's total drug relevant conduct was 16.5 grams of cocaine base and 2.4 grams of cocaine, i.e., the amounts charged in the Superseding Indictment. (Plea Agreement, Criminal Action No. 5:10-cr-41, ECF No. 26 at 3; Superseding Indictment, Criminal Action No. 5:10-cr-41, ECF No. 17.) Therefore, Petitioner's federal case specifically excluded any part of the state case against him, including other drug transactions. Because of this, the undersigned finds that Petitioner's counsel was not laboring under a conflict of interest as Petitioner alleges.

In sum, Petitioner has not met his burden of establishing that his counsel was ineffective and that this alleged ineffectiveness led to Petitioner involuntarily pleading guilty. First, Petitioner's allegation that officers found "personal use" quantities of drugs on his person is contradicted by the Rule 11 colloquy, and so counsel was not ineffective for failing to call the Court's attention to this assertion. Second, Petitioner's counsel was not ineffective for failing to file a motion to dismiss the Indictment for failing to allege overt acts of distribution to establish his intent as such as motion would have been futile. Additionally, Petitioner's claim that counsel failed to advise him of the elements constituting his crime is contradicted by statements made during the Rule 11 colloquy. Finally, Petitioner's claim that his counsel was laboring under a conflict of interest is erroneous. For these reasons, the undersigned recommends that Petitioner's first claim be denied because he has failed to meet his burden under the two prongs of *Strickland*. *See Strickland*, 466 U.S. at 687.

**D.      *Petitioner's Claim Regarding the Factual Basis For His Plea***

As his second ground for relief, Petitioner alleges that he was denied due process because there was an insufficient factual basis for his change of plea. (Mot. at 6.) Specifically, Petitioner

asserts that he "did not understand all elements of the offense charging intent to deliver and made admissions which only established simple possession of the drugs involved." (*Id.* at 6a.) He also argues that the Court failed to explain all of the elements of possession with intent to distribute to him and that he "mistakenly believed that the quantity of drugs alone established intent to deliver." (*Id.*) However, the undersigned finds that Petitioner's claim is without merit.

### a.     Petitioner Has Procedurally Defaulted His Claim

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622 (internal citations omitted). To establish cause, a movant must demonstrate "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Actual prejudice is then shown by demonstrating that the error worked to a petitioner's "'actual and substantial disadvantage,'" rather than just creating a possibility of prejudice. *See Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). To establish actual innocence, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (citations omitted) (internal quotation marks omitted). Usually, a petitioner "must demonstrate actual factual innocence of the offense of conviction;" "this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Mikalajunas*, 186 F.3d at 494.

Here, Petitioner did not raise his due process claim on direct appeal–indeed, Petitioner did not even file a direct appeal in his case. Furthermore, Petitioner cannot demonstrate cause and

actual prejudice because, as will be discussed below, the Court properly advised him on the elements of his offense and a sufficient factual basis was presented for his plea. Finally, nothing in Petitioner's Motion raises a claim of actual innocence. Therefore, the undersigned finds that Petitioner has procedurally defaulted this claim.

**b.    Petitioner's Claim Falls Within the Scope of His Waiver**

As mentioned above, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. *Cannady*, 283 F.3d at 645 n.3 (collecting cases). Therefore, a collateral attack waiver contained in a valid plea agreement will be enforceable against the defendant as long as it is knowing and intelligent. *See Attar*, 38 F.3d at 731. However, a defendant still retains the right to collateral review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or when a sentence is imposed based on a constitutionally impermissible factor. *Id.* at 732. Here, Petitioner's claim that the Court failed to explain the elements of the crime of possession with intent to distribute controlled substances to him does not fall within the limited exceptions to a collateral attack waiver. Therefore, Petitioner has waived this claim if his waiver was entered into knowingly and intelligently. This determination "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" *Attar*, 38 F.3d at 731 (quoting *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). A reviewing court must determine the "adequacy of the plea colloquy" and determine "whether the district court questioned the defendant about the . . . waiver." *Blick*, 408 F.3d at169. However, an ultimate decision is "evaluated by reference to the totality of the circumstances." *General*, 278 F.3d at 400.

Here, the undersigned finds that Petitioner's collateral attack waiver was made knowingly and intelligently. During the Rule 11 colloquy, Petitioner testified that he was 32 years old and had earned his GED. (Plea Hrg. Tr. at 4:13-17.) He stated that he knew why he was in court that morning and what his hearing was for. (*Id.* at 5:12-14.) Specifically, Petitioner testified that he understood that he was waiving his right to appeal and waiving his right to seek post-conviction relief, including a collateral attack, if his binding plea agreement was accepted and he was sentenced to 109 months. (*Id.* at 10:9-19.) Petitioner also understood that his waiver was subject to certain exceptions, "such as ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose." (*Id.* at 15-19.) Petitioner's counsel stated his belief that Petitioner understood the waiver of his appellate and post-conviction relief rights. (*Id.* at 20-24.) Based on these representations, the undersigned finds that Petitioner made his collateral attack waiver knowingly and intelligently, and his claim regarding the Court's failure to inform him of the elements of his offense falls squarely within this waiver.

### c.    Petitioner's Claim Has No Merit

Notwithstanding the fact that Petitioner's claim falls within the scope of his waiver of collateral attack rights, the undersigned finds that his claim has no merit. "The elements of possession with intent to distribute of a narcotic controlled substance are as follows: (1) possession of the narcotic controlled substance, (2) knowledge of the possession, and (3) intent to distribute the narcotic controlled substance." *United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999); *see also Collins*, 412 F.3d at 519 (citing *Randall*, 171 F.3d at 209). During the Rule 11 colloquy, the Court gave the following explanation to Petitioner:

THE COURT:        Mr. Prater, have you received and reviewed and gone over
                  with your counsel, Mr. Leary, the superseding indictment that

|                   |                                                                                                                                  |
|-------------------|----------------------------------------------------------------------------------------------------------------------------------|
|                   | was returned by the federal grand jury?  That is the charge against you in this case.                                            |
| THE DEFENDANT:    | Yes, your Honor.                                                                                                                  |
| THE COURT:        | Would you like me to read that superseding indictment to you or will you waive the reading of the superseding indictment?       |
| THE DEFENDANT:    | I waive the reading, your Honor.                                                                                                  |
| THE COURT:        | All right.  **The elements of the crime in Count 1 which the government would have to prove beyond a reasonable doubt, and this is a violation alleged of 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(C).  Those elements are, first, that you knowingly and intentionally possessed with the intent to distribute cocaine base and cocaine, which are Schedule II controlled substances; and, second, that you knew the substances were cocaine base and cocaine.** |

(Plea Hrg. Tr. at 11:6-23.)  Although worded differently, the Court provided the correct explanation of the elements of Petitioner's crime.  At no time during the Rule 11 colloquy did Petitioner indicate that he did not understand those elements.  Furthermore, as discussed above, Special Agent Manchas' testimony satisfied each of these elements and indicated Petitioner's intent to distribute illegal controlled substances.  (*See* Plea Hrg. Tr. at 18:17-21:5.)  Therefore, the undersigned recommends that Petitioner's second claim be dismissed because it falls within the scope of his waiver of collateral attack rights and because it is simply false.

## IV.   RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:12-cv-76, ECF No. 1; Criminal Action No. 5:10-cr-41, ECF No. 75) be **DENIED** and **DISMISSED** from the docket because Petitioner has failed to meet the two prongs

of *Strickland* to demonstrate his claim of ineffective assistance of counsel and because his claim alleging a due process violation has been procedurally defaulted and validly waived by Petitioner's waiver of collateral attack rights and has no merit.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Leon Prater.

**DATED:** September 7, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE