IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEON PRATER,

    Plaintiff,

v.                                      Civil Action No. 5:12CV76
                                    (Criminal Action No. 5:10CR41-01)
UNITED STATES OF AMERICA,                    (STAMP)

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION TO RECONSIDER**

I.   Procedural History

On June 4, 2012, the pro se[1] petitioner filed a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. The government filed a response to the motion and the petitioner then replied. The case was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Joel issued a report and recommendation, recommending that the petitioner's § 2255 motion be denied and dismissed with prejudice. The petitioner filed objections to the magistrate judge's report and recommendation and supplemented such objections on two occasions. After a de novo review, however, this Court entered an order adopting the report and recommendation in its entirety. The

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

petitioner timely filed a motion to reconsider this Court's denial of his § 2255 motion pursuant to Federal Rule of Civil Procedure 59(e), which permits the filing of a motion to alter or amend judgment within 28 days after the entry of the judgment. For the reasons set forth below, this Court finds that the petitioner's motion for reconsideration must be denied.

## II. Facts

On March 28, 2011, the petitioner pled guilty to Count One of the superseding indictment entered against him by a federal grand jury in this district, which charged him with possession with the intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The petitioner entered a guilty plea pursuant to a binding plea agreement signed by both himself and the United States in which, in consideration for multiple concessions by the government, the petitioner waived his right to appeal his sentence, but not to collaterally attack it. The petitioner entered his plea in open court on March 21, 2011. This Court conducted a thorough examination of the petitioner's understanding of the consequences of a guilty plea, and of the terms of his plea agreement. This examination included a recitation by this Court of the elements that the government would have to prove if the defendant chose to go to trial on Count One. Also at the hearing, the United States presented a factual basis for the plea through the testimony of Special Agent Robert Manchas

of the Drug Enforcement Administration, to which testimony the petitioner did not object. Following this Court's determination that the petitioner was aware of the consequences of a guilty plea and of the terms of his plea agreement, that he was competent to enter a plea of guilty, and that a basis in fact had been established for the plea, this Court accepted the petitioner's plea of guilty.

At the petitioner's sentencing hearing on August 10, 2011, this Court accepted the terms of the binding plea agreement, adjudged the petitioner guilty pursuant to his guilty plea and to the binding plea agreement, and sentenced the petitioner to 109 months imprisonment with a three-year term of supervised release to follow. This sentence was based upon this Court's consideration of a number of factors, including the circumstances of the crime, the petitioner's criminal history as presented in the petitioner's presentence report, and the sentencing objectives set forth in the United States Sentencing Guidelines.

Thereafter, the petitioner did not file a direct appeal of his sentence but he did file a motion pursuant to § 2255, which is currently at issue. In his § 2255 motion, the petitioner asserted two bases for federal habeas corpus relief. First, the petitioner alleged ineffective assistance counsel, which resulted in his guilty plea not being entered into knowingly, intelligently, and voluntarily. Second, he claimed he was denied due process because

there was not a sufficient factual basis for his plea. As to the petitioner's ineffective assistance of counsel claim, the petitioner asserted three separate arguments. In his motion for reconsideration, the petitioner only requests that this Court reconsider his conflict of interest argument. In the petitioner's § 2255 motion, he asserted that his attorney was ineffective based on a conflict of interest. The petitioner argued that his attorney represented a confidential informant who made controlled drug purchases that formed the basis of the petitioner's state court prosecution. The petitioner asserted that his attorney coerced him to plead guilty so his attorney would not have to question his former client at any trial. The magistrate judge found that the petitioner's attorney was not laboring under a conflict of interest. The magistrate judge stated that the petitioner's federal case specifically excluded any part of the state case against him, including other drug transactions based on the parties' stipulation concerning the petitioner's total drug relevant conduct. The petitioner objected to this finding, arguing that the controlled buys involving his attorney's former client would be used against him as evidence of motive according to Rule 404(b) of the Federal Rules of Evidence. This Court found that the petitioner could not show that his attorney was actually laboring under an actual conflict of interest, as there is no evidence that

his former client would be called to testify at the possible trial. The petitioner now asks that this Court reconsider this finding.

### III. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Relief granted under a Rule 59(e) motion is an extraordinary remedy and should be used sparingly. Id. Moreover, a Rule 59(e) motion is improper where a litigant seeks merely to re-litigate old matters; to present evidence or raise arguments which could have been brought to the court's attention before the judgment was issued; or to assert a novel legal theory that the litigant could have addressed in the first instance. Id. It is improper to use a Rule 59(e) motion "to ask the court to rethink what the court has already thought through-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### IV. Discussion

The petitioner asks this Court to reconsider its findings concerning whether his attorney had a conflict of interest which resulted in ineffective assistance of counsel. The petitioner argues that his attorney was representing both him and a

5

confidential informant and such representation adversely affected his counsel's performance. Allegedly, the confidential informant was a part of certain controlled buys that involved the petitioner. These controlled buys were a part of the state court action against the petitioner. The petitioner asserts that the government was planning to use the controlled buys against him as evidence of motive in his trial according to Rule 404(b) of the Federal Rules of Evidence. The petitioner asserts that his attorney coerced him to plead guilty to not "expose his representation" of the confidential informant in the "midst of petitioner's trial."

The petitioner has not brought any new evidence of the alleged conflict of interest to this Court's attention or cited any new intervening law in his motion for reconsideration. Instead, his motion seems to be based on the premise that this Court's finding amounted to a clear error of law. By alleging that it is clear error, the petitioner's motion to reconsider only recasts previous arguments and asks this Court essentially "to rethink what the court has already thought through." As this Court previously stated in its order affirming and adopting the magistrate judge's report and recommendation, to establish that a conflict of interest resulted in ineffective assistance of counsel, the petitioner must show "(1) that his lawyer was under 'an actual conflict of interest' and (2) that his conflict 'adversely affected his lawyer's performance.'" United States v. Nicholson, 475 F.3d 241,

249 (4th Cir. 2007) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). To establish an actual conflict of interest, the petitioner would have to show that the petitioner's "interests diverged with respect to a material factual or legal issue or to a course of action." Gilbert v. Moore, 134 F.3d 642, 652 (4th Cir. 1998) (en banc) (internal quotation marks omitted).

This Court does acknowledge that the petitioner's attorney did represent the confidential informant when petitions were filed seeking the revocation of the confidential informant's supervised release. After reviewing the docket sheet, however, none of these representations took place during the time the attorney represented the petitioner. "The Fourth Circuit has recognized that a conflict of interest may exist 'in successive representation cases in which a former client has become an adverse witness' against a current client." Chandler v. French, 252 F. Supp. 219, 236 (M.D. N.C. 2003) (citing United States v. Esposito, 816 F.2d 674 (4th Cir. 1987) (unpublished table opinion available at 1987 WL 37105 *2). As this Court previously indicated in its original opinion however, there is no evidence that the confidential informant would even be called as a witness. Evidence of the controlled buys may have been introduced through the officer in charge of the controlled buys. Thus, because the petitioner has not presented this Court with any new evidence or law to allow for a finding that an actual conflict existed and this Court finds no clear error of law in its original

7

opinion, the petitioner's § 2255 motion does not warrant reconsideration under Rule 59(e).

## V. Conclusion

Accordingly, for the reasons set forth above, the petitioner's motion to reconsider this Court's December 11, 2013 order adopting the report and recommendation of the magistrate judge and denying petitioner's § 2255 motion is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:    January 29, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE